IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENDRA DIAL, | ) | 8:13CV335 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CRNKOVICH, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on November 15, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff filed her Complaint in this matter on November 15, 2013, against Douglas County Juvenile Court Judge Elizabeth Crnkovich. (Filing No. 1 at CM/ECF p. 1.) In her Complaint, Plaintiff alleges that the Nebraska Department of Health and Human Services kidnapped her children. (*Id*.) During a state juvenile proceeding, Judge Crnkovich refused to allow Plaintiff to represent herself. (*Id*.) Plaintiff seeks monetary damages and a judgment declaring that Judge Crnkovich violated her constitutional rights. (*Id*. at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to the Fourteenth Amendment. The Fourteenth Amendment protects parents' liberty interest in the "care, custody, and management of their children." *Manzano v. S.D. Dep't of Soc. Servs.*, 60 F.3d 505, 509-10 (8th Cir. 1995). However, to promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over these matters when state court proceedings have already commenced. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

2

Plaintiff's Complaint indicates that she is involved in state court proceedings regarding the care, custody and management of her children. (Filing No. 1.) Plaintiff has not alleged, nor demonstrated, that these proceedings do not provide her with the opportunity to raise her Fourteenth Amendment claims.[1]  Accordingly, the court will abstain from exercising jurisdiction over Plaintiff's claims.

To the extent Plaintiff asserts Judge Crnkovich violated her right to self-representation, her claim lacks merit.  Indeed, the Sixth Amendment does not apply to civil proceedings and the right to represent oneself is not protected by the due process clause of the Fourteenth Amendment.  *See generally* Austin v. United States, 509 U.S. 602, 608 (1993) (protections provided by the Sixth Amendment are explicitly confined to criminal prosecutions); Eitel v. Holland, 787 F.2d 995, 997-98 (5th Cir. 1986) (dismissing a plaintiff's claim that a state court judge denied his right to represent himself in a state proceeding and stating the right to represent oneself in a civil case is not one of the fundamental rights protected by the due process clause of the Fourteenth Amendment).

---

[1]To the extent that Plaintiff asks this court to review and reverse a state court order, this Court lacks subject matter jurisdiction.  The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).  In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional."  Feldman, 460 U.S. at 486; *see also* Ballinger v. Culotta, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)).  Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

3

Further, Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacity, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Moreover, "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 12 (quotation omitted). Absolute judicial immunity applies to monetary damages claims only and does not extend to suits requesting declaratory and prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536-38 (1984).

As the Supreme Court set forth in *Mireles*, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself,'" and courts "look to the particular act's relation to a general function normally performed by a judge" in determining whether judicial immunity applies. *Mireles*, 502 U.S. at 13. A judge's ruling on a request to proceed pro se is an act entitled to judicial immunity. *See Cody v. Severson*, No. 05-04107-KES, 2005 WL 2046009, at *2 (D.S.D. Aug. 23, 2005); *see also Hawley v. Nelson*, 968 F. Supp. 1372, 1394 (E.D. Mo. Apr. 4, 1997) (concluding civil rights claim against judge based on alleged violation of right of self-representation was barred by absolute judicial immunity). Accordingly,

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.  All pending motions are denied.

3.  A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of April, 2014.

                                  BY THE COURT:

                                  *Richard G. Kopf*
                                  Senior United States District Judge

---

    \*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.